## WEINSTEIN v. GRANITE STATE FIRE INS. CO. OF PORTSMOUTH, NEW HAMPSHIRE.

### No. 519.

Municipal Court of Appeals for the District of Columbia.

July 18, 1947.

Samuel W. McCart, of Washington, D. C., for appellant.

Albert E. Brault and James A. Purcell, Jr., both of Washington D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Appellant, who was plaintiff in the trial court, sued appellee on a policy of auto-

---

[5] In re Frank, D.C.S.D.N.Y., 25 F.Supp. 1005; see Note (1947) 60 Harv.L.Rev. 786.

mobile insurance covering "comprehensive—loss of or damage to the automobile, except by collision." The coverage was further defined as: "Any loss of or damage to the automobile except loss caused by collision of the automobile with another object or by upset of the automoible or by collision of the automobile with a vehicle to which it is attached. Breakage of glass and loss caused by missiles, falling objects, fire, theft, explosion, earthquake, windstorm, hail, water, flood, vandalism, riot or civil commotion shall not be deemed loss caused by collision or upset." The trial court, sitting without a jury, made a general finding for defendant, and plaintiff prosecutes this appeal.

The sole question presented is whether the trial court erred in holding that damage to plaintiff's automobile was caused by collision with another automobile, and hence was excepted from the coverage of the policy in question. At the commencement of the trial it was stipulated that on November 22, 1946, at about 2:20 p. m., plaintiff was operating her automobile in a westerly direction on Taylor Street, Northwest, and one Floyd Stout was operating another automobile in a northeasterly direction on Kansas Avenue, "and that said automobiles were involved in a collision at this intersection."

Thereafter plaintiff's counsel sought to introduce evidence of what happened immediately preceding the collision. The trial court tentatively admitted such evidence but at the end of the trial excluded it as irrelevant. Such excluded testimony was to the effect that plaintiff entered the intersection slowly, that her view to her left was obstructed by a car parked on Kansas Avenue on the east side near the corner, that when plaintiff's automobile was near the center of Kansas Avenue it was struck on the left side by the other car, and that immediately after the accident she told the driver of the other car that the sun had blinded her. She told the trial judge that the parked automobile was the only cause of her not seeing the striking vehicle. The driver of the other car involved in the collision testified he entered the intersection at about 20 miles per hour

and that he was not certain when he first saw plaintiff's automobile. He admitted striking plaintiff's car.

Plaintiff urges that the excluded evidence should have been admitted and that according to it the loss was covered by the policy because such evidence showed the proximate cause of the loss was not the collision but was either the temporary blinding of plaintiff by the sun or the negligence of plaintiff or the negligence of the other driver or the negligence of both. In taking this position plaintiff relies entirely on Unkelsbee v. Homestead Fire Ins. Co., decided by this court, 41 A.2d 168, in which an application for appeal was denied by the United States Court of Appeals for the District of Columbia.

The facts in the Unkelsbee case, however, were totally different from those involved here. In that case a small boy entered a parked car and caused it to start down an incline so that it collided with another automobile parked at the curb. The policy, while it excluded from its coverage loss caused by collision, provided, as does the policy here, that "loss caused by * * * vandalism * * * shall not be deemed loss caused by collision or upset." [41 A.2d 169.] The majority of this court held that the proximate cause of the loss was vandalism rather than collision because the loss could not be attributed to any cause except the action of the boy plus the laws of gravity.

Here we believe the excluded evidence was admissible because it was proper to show the circumstances surrounding the accident. But the exclusion was harmless error because its admission could not have changed the result. We believe that the loss clearly was caused by a collision, and hence was excepted from the coverage of the policy.

While the coverage of the policy involved in this case is called "comprehensive," we believe it would be totally unreasonable and against the clear meaning of the policy as a whole to construe "comprehensive" coverage as including in its scope negligence by either of the drivers or both or an accident without negligence on the ground that any of those things

was the "proximate cause" of the damage to plaintiff's automobile when loss caused by collision was expressly excepted. Such a construction, we believe, would do violence to the plain language of the policy.

Affirmed.